**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JUDY LUCAS,**

    **Plaintiff,**

**v.**                                                                   **Case No.  8:14-cv-942-T-30TBM**

**IASIS HEALTHCARE LLC and IASIS**
**HEALTHCARE CORPORATION,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss or Stay Proceedings and Compel Arbitration (Dkt. 6) and Plaintiff's Response in Opposition (Dkt. 13). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Defendants' motion should be granted.

## BACKGROUND

Plaintiff Judy Lucas filed the instant action on April 21, 2014, alleging violations of the Fair Labor Standards Act ("FLSA") on behalf of herself and others similarly situated. Lucas alleges that Defendants violated the FLSA because they unlawfully deducted time from Lucas and members of the Class in order to avoid paying earned overtime and regular wages. Lucas also contends that Defendants' unlawful deductions resulted in the nonpayment of minimum wages for hours worked below 40 in a workweek.

Defendants now move to compel arbitration of Lucas' claims. The record reflects that Lucas signed an employment application dated November 28, 2006 (the "Employment Application) that includes an arbitration provision. Specifically, the Employment Application includes the following language:

> I understand that any and all disputes regarding my employment with IASIS Healthcare, LLC including any disputes relating to the termination of my employment, are subject to the IASIS Healthcare Fair Treatment Process, which includes final and binding arbitration, and I also understand and agree, as a condition of employment and continued employment, to submit any such disputes for resolution under that process, and I further agree to abide by and accept the decision of the Arbitration panel as the final and binding decision and resolution of any such disputes I may have.

(Dkt. 6-1, p. 6/6).

The record reflects that Defendants' Employee Handbook also includes language regarding the IASIS Healthcare Fair Treatment Process. The Employee Acknowledgment Form (acknowledging the Employee Handbook) reiterates that "any and all disputes" regarding the employee's "employment" with Defendants are "subject to the IASIS Healthcare Fair Treatment Process, which includes final and binding arbitration." (Dkt. 6-2, p. 6/6). During her employment, Lucas received annual training on the Employee Handbook.

Defendants now move to compel arbitration pursuant to Lucas' agreement to arbitrate as set forth in the Employment Application and Lucas' acknowledgment of the Employee Handbook.

**DISCUSSION**

The Federal Arbitration Act ("FAA") provides that a written arbitration agreement in any contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has stated that employment contracts, except for contracts involving exempted transportation workers, are included within the meaning of a contract involving commerce. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113-14 (2001).

Although arbitration agreements governed by the FAA are to be "addressed with a healthy regard for the federal policy favoring arbitration," *Krinsk v. Suntrust Banks, Inc.*, 654 F.3d 1194, 1200 n.15 (11th Cir. 2011) (quoting *Ivax Corp. v. B. Braun of Am., Inc.,* 286 F.3d 1309, 1315 (11th Cir. 2002)), the FAA applies only to disputes the parties have agreed to arbitrate. *See Volt Info. Sciences, Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989). Whether certain terms fall within the scope of the arbitration agreement and the interpretation of terms is a matter of general state-law principles of contract interpretation. *See id.* at 475-76. Under general contract law, "[a]bsent some ambiguity in the arbitration provision, the language of the provision defines the scope of the disputes subject to arbitration." *FusionStorm, Inc. v. Presidio Networked Solutions, Inc.*, 871 F. Supp. 2d 1345 (M.D. Fla. 2012) (citing *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002)). Florida law construes arbitration agreements in accordance with the discernable intent of the parties from the language they used in the agreement. *See SCG Harbourwood,*

*LLC v. Hanyan*, 93 So. 3d 1197, 1200 (Fla. 2d DCA 2012) ("It is the language of the agreement that defines the scope of an arbitration agreement.").

In this case, the relevant language regarding arbitration is clear and encompasses "any and all disputes" related to Lucas' employment with Defendants. It is undisputed that Lucas acknowledged the arbitration provision, both in her Employment Application and subsequent acknowledgment of the Employee Handbook. Accordingly, Lucas' FLSA claims, claims that are clearly related to Lucas' employment with Defendants, are subject to arbitration. Lucas' arguments to the contrary are without merit.

Lucas requests that, if arbitration is compelled, the arbitration should include Lucas and members of the Class. The arbitration language is clear, however, that arbitration applies to the individual employee and IASIS Healthcare, LLC. Also, the arbitration language does not contain any language authorizing, or referring to, collective or class arbitration of claims. Accordingly, the arbitration will be compelled as to Lucas, individually. *See Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 664 (2010) ("[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." (emphasis in original)).

Finally, the Court will stay this action during the pendency of the arbitration, as opposed to dismissing the action.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss or Stay Proceedings and Compel Arbitration (Dkt. 6) is granted to the extent set forth herein.

2. Plaintiff Judy Lucas is hereby compelled to arbitrate her claims as set forth in the parties' arbitration agreement.

3. This case will be stayed during the pendency of the arbitration.

4. The Clerk of Court is directed to close this case.

5. The parties shall file a status report with the Court within thirty (30) days of the completion of the arbitration.

**DONE** and **ORDERED** in Tampa, Florida on June 4, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-942.compel-arbitration-grant-employment.frm